IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD LUNA, § <br> TDCJ No. 01164313, § <br> § <br> *Petitioner,* § <br> § <br> v. § <br> § <br> BOBBY LUMPKIN, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> *Respondent.* § | SA-21-CV-0557-XR |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Richard Luna's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Motion to Dismiss (ECF No. 9). In his § 2254 petition, Petitioner challenges the constitutionality of his 2003 state court conviction for aggravated sexual assault of a child, arguing: (1) he was misled by the trial court concerning his right to appeal, and (2) he received ineffective assistance from his trial counsel by counsel's refusal to file a notice of appeal. In his motion to dismiss, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes that Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In April 2003, Petitioner plead no contest to one count of sexual assault of a child and was sentenced to thirty years of imprisonment. *State v. Luna*, No. 2002CR7522 (175th Dist. Ct., Bexar Cnty., Tex. Apr. 1, 2003); (ECF No. 10-7, at 81-82). Pursuant to the plea bargain agreement, Petitioner judicially confessed to committing the offense and waived his right to appeal. (ECF No. 10-7, at 30-38). As a result, Petitioner did not appeal his conviction and sentence.

Instead, Petitioner waited until April 26, 2020, to challenge his conviction by filing a state habeas corpus application. *Ex parte Luna*, No. 91,788-01 (Tex. Crim. App.); (ECF No. 10-7, at 19, 23). The Texas Court of Criminal Appeals eventually denied the application without written order on October 21, 2020. (ECF No. 10-1). Petitioner's petition for writ of certiorari to the United States Supreme Court was then denied on May 17, 2021. *Luna v. Texas*, 141 S. Ct. 2640 (2021); (ECF No. 10-6). Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on June 1, 2021. (ECF No. 1, at 16).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final on May 1, 2003, when the time for appealing the judgment and sentence expired. *See* TEX. R. APP. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence). As a result, the

limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on Monday, May 3, 2004.[1] Because Petitioner did not file his § 2254 petition until June 1, 2021—over seventeen years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

A.  **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). To start, there has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). Furthermore, there has been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D). Although Petitioner claims he was not aware of his right to have his trial counsel file a notice of appeal until the Supreme Court issued its opinion in *Garza v. Idaho*, 139 S. Ct. 738 (2019), the *Garza* opinion neither established a new constitutional right nor was it made retroactively applicable to cases on collateral review.[2] Thus, statutory tolling under § 2244(d)(1) is unwarranted.

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[1]  Because the end of the limitations period fell on a Saturday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

[2]  Indeed, every court to consider this question has held that *Garza* did not announce a new rule. *See Portillo-Guerrero v. United States*, No. 1:19-CV-82, 2020 WL 6922649, at *6 (S.D. Tex. Oct. 29, 2020) (listing cases).

pending shall not be counted toward any period of limitation under this subsection." While Petitioner challenged the instant conviction and sentence by filing an application for state post-conviction relief in April 2020, Petitioner's limitations period for filing a federal petition had already expired in May 2004. Because it was filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, the state habeas application does not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). As such, the instant § 2254 petition, filed June 1, 2021, is still over seventeen years late.

**B.      Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights[,]" *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to Respondent's motion to dismiss, and his § 2254 petition provided no argument for equitably tolling the limitations period in this case. Even with the benefit of liberal construction, Petitioner has provided no justification to this Court for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530

F.3d 361, 365–66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently or that his claims could not have been discovered and presented earlier. Petitioner argues that his claims could not have been discovered until the Supreme Court issued the *Garza* opinion in February 2019. But in *Garza*, the Supreme Court simply extended the holding of *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)—holding counsel's constitutionally deficient failure to file notice of appeal is presumptively prejudicial—to cases where the defendant had affirmatively waived his appellate rights as part of a plea agreement. *See Garza*, 139 S. Ct. at 746–47 (noting that "[t]he holding, principles, and facts of *Flores-Ortega*" mandate a similar result and that "a direct application of *Flores-Ortega's* language resolves this case"). Thus, the Supreme Court did not announce a new right or new rule of constitutional law; it applied an old rule in a new context.

Consequently, the basis of Petitioner's claim—that counsel is *per se* ineffective when he fails to file a requested notice of appeal—has been around since at least February 2000, well before Petitioner's conviction became final in May 2003. *See Flores-Ortega*, 528 U.S. at 484. Yet Petitioner did not raise this claim until April 2020, when he executed his state habeas corpus application. This delay weighs heavily against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214–15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence").

Because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335- 36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by more than seventeen years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

### IV.  Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent Bobby Lumpkin's Motion to Dismiss, filed September 20, 2021 (ECF No. 9), is **GRANTED**;

2. Federal habeas corpus relief is **DENIED** and Petitioner Richard Luna's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this November 9, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE